**Freddy Ferdinand MEWENGKANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–70492.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed July 31, 2008.

Kathleen S. Koh, Esquire, Law Office of Kathleen Koh, Whittier, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Gjon Juncaj, Esquire, Blair T. O'Connor, Esquire, Kathleen Kelly Volkert, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Freddy Ferdinand Mewengkang, a native and citizen of Indonesia, petitions for review of the Board of Immigration Ap-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

peals' order dismissing his appeal from an immigration judge's decision denying his applications for asylum, and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of asylum for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and deny the petition for review.

Mewengkang's testimony about his experiences in Indonesia does not compel a finding of past persecution. *See id.* at 1016–18. Even assuming the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir.2004) applies to Christians, Mewengkang has not demonstrated the requisite level of individualized risk necessary to compel a finding of a well-founded fear of future persecution. *See id.* at 927–29. Lastly, the record does not establish that Mewengkang demonstrated a pattern or practice of persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir.2007) (en banc). Accordingly, Mewengkang's asylum claim fails.

Because Mewengkang cannot meet his burden to demonstrate eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**